IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ADAM HACKETT,                          :
                                       :
              Plaintiff,               :
                                       :
     v.                                : C.A. No. 06-426 ***
                                       :
CORRECTIONAL MEDICAL SERVICES, :
WARDEN THOMAS CARROLL  and             :
COMMISSIONER STANLEY TAYLOR,           :
                                       :
              Defendants.              :

## DEFENDANT CMS' MOTION TO
## DISMISS PURSUANT TO TITLE 18 DEL. C. §6853 (a)(1)

Defendant, Correctional Medical Services, Inc. (hereinafter "CMS") respectfully

moves for an Order dismissing the complaint on the following grounds:[1]

1.     This is a case filed with the Court on July 10, 2006 alleging, among other things,

a State law claim for negligence for failing to administer necessary medical treatment (D.I. 2

¶V(3)).

2.     Title 18, Del. C. §6853(a)(1) requires that no healthcare negligence lawsuit shall be

filed unless the Complaint is accompanied by an Affidavit of Merit as to each defendant signed

by an expert witness and accompanied by a current curriculum vitae of that witness, stating that

there are reasonable grounds to believe that there has been healthcare medical negligence

committed by each defendant must be filed along with the Complaint.[2]  It expressly provides that

---

[1] Defendant is content to rely on the arguments set forth in this motion and hereby waives its right to file a brief
pursuant to Local Rule 7.1.2.

[2] Section 6853(a)(1).

        (a)      No healthcare negligence lawsuit shall be filed in this State unless the complaint is accompanied
by:

if the required Affidavit is not filed, the suit <u>shall not be</u> docketed by the Court.

3.      The docket sheet attached hereto as Exhibit "A" does not indicate that the Affidavit of Merit was filed at the time the Complaint was filed.

4.      The Plaintiff has not timely filed any Motion to Extend the time for filing of the Affidavit of Merit, and the time for doing so has passed.

5.      Title 18, <u>Del. C.</u> §6801 (4)  defines "health care" as "any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to or on behalf of a patient during the patient's medical care, treatment or confinement."

6.      In addition, pursuant to §6801 (5), "'[h]ealth care provider' means a person, corporation, facility or institution licensed by this State pursuant to Title 24, excluding Chapter 11 thereof, or Title 16 to provide health care or professional services or any officers, employees or agents thereof acting within the scope of their employment; provided, however, that the term 'health care provider' shall not mean or include any nursing service or nursing facility conducted by or for those who rely upon treatment solely by spiritual means in accordance with the creed or tenets of any generally recognized church or religious denomination."

7.      Plaintiff alleges that defendant's act or failure to act during the course of his treatment was negligent, which allegations fall within the statute.  Therefore, plaintiff was required to file an Affidavit of Merit.  Since plaintiff failed to file the affidavit, that portion of the

---

(1)     An affidavit of merit as to **each defendant** signed by an expert witness, as defined in §6854 of this title and accompanied by a current curriculum vitae of the witness stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant.  If the required affidavit does not accompany the complaint or if a motion to extend the time to file said affidavit as permitted by paragraph (2) of this subsection has not been filed with the court, then the Prothonotary or clerk of the court shall refuse to file the complaint and it shall not be docketed with the court.  The affidavit of merit and curriculum vitae shall be filed with the court in a sealed envelope which envelope shall state on its face: (emphasis supplied)

Complaint alleging State law claims for medical negligence must be dismissed.

**WHEREFORE**, CMS requests that the Complaint be dismissed to the extent that it

alleges state law claims for medical negligence.

MORRIS JAMES LLP

Amy A. Quinlan (I.D. #3021)
500 Delaware Avenue, Suite 1500
P. O. Box 2306
Wilmington, DE 19899
(302) 888-6886
Attorneys for Defendant
Correctional Medical Services, Inc.

Dated: March 26, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ADAM HACKETT,                               :
                                            :
              Plaintiff,                    :
                                            :
      v.                                    :  C.A. No. 06-426 ***
                                            :
CORRECTIONAL MEDICAL SERVICES, :
WARDEN THOMAS CARROLL  and     :
COMMISSIONER STANLEY TAYLOR,    :
                                            :
              Defendants.                   :

**PROPOSED ORDER IN SUPPORT OF DEFENDANT CMS'
MOTION TO DISMISS PURSUANT TO TITLE 18 DEL. C. §6853 (a)(i)**

And now this _____ day of _____, 2007, the Court having considered

CMS' Motion to Dismiss,

The Court orders that:   CMS' Motion to Dismiss is granted and all State law medical

negligence claims against Defendant Correctional Medical Services, Inc. are hereby dismissed

with prejudice.

                              _____
                              J.

# EXHIBIT A

PaperDocuments

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:06-cv-00426-***

Hackett v. Correctional Medical Services et al
Assigned to: Vacant Judgeship
Referred to: Honorable Mary Pat Thynge
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 07/10/2006
Jury Demand: Plaintiff
Nature of Suit: 555 Prisoner: Prison
Conditions
Jurisdiction: Federal Question

**Plaintiff**

**Adam Hackett**                                   represented by  **Adam Hackett**
SBI# 00329697
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977
PRO SE

V.

**Defendant**

**Correctional Medical Services**                  represented by  **Amy Arnott Quinlan**
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6886
Email: aquinlan@morrisjames.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Warden Thomas Carroll**
*TERMINATED: 10/03/2006*

**Defendant**

**Commissioner Stanley Taylor**
*TERMINATED: 10/03/2006*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 07/10/2006 | 1 | MOTION for Leave to Proceed in forma pauperis - filed by Adam Hackett. (Attachments: # 1 6 Months Account Statement)(mwm, ) (Entered: 07/11/2006) |
|  |  |  |

| | | |
|---|---|---|
| 07/10/2006 | 2 | COMPLAINT filed pursuant to 42:1983 with Jury Demand against Correctional Medical Services, Thomas Carroll, Stanley Taylor - filed by Adam Hackett. (Attachments: # 1 Exhibit A)(mwm, ) (Entered: 07/11/2006) |
| 07/10/2006 | 3 | Consent for Release of Medical Information by Adam Hackett (mwm, ) (Entered: 07/11/2006) |
| 07/10/2006 | 4 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (mwm, ) (Entered: 07/11/2006) |
| 07/19/2006 | | Case assigned to Judge Kent A. Jordan. Please include the initials of the Judge (KAJ) after the case number on all documents filed. (rjb, ) (Entered: 07/19/2006) |
| 07/20/2006 | 5 | ORDER - granting Motion to Proceed IFP. Filing Fee of $350.00 Assessed. Plaintiff requested to submit trust fund account statement. Failure to submit items within 30 days will result in dismissal of action without prejudice. (Copy to pltf.) Notice of Compliance deadline set for 8/21/2006.. Signed by Judge Kent A. Jordan on 7/20/06. (rwc, ) (Entered: 07/20/2006) |
| 07/31/2006 | 6 | Trust Fund Account Statement - filed by Adam Hackett (rwc, ) (Entered: 08/01/2006) |
| 08/10/2006 | 7 | ORDER - An initial partial filing fee of $7.00 shall be required. Plaintiff shall return the attached payment authorization within 30 days. Failure to return payment authorization shall result in dismissal of action without prejudice. (Copy to pltf. ) -Notice of Compliance deadline set for 9/11/2006. Signed by Judge Kent A. Jordan on 8/10/06. (rwc, ) (Entered: 08/10/2006) |
| 09/07/2006 | 8 | Authorization by Adam Hackett requesting Prison Business Office to disburse payments to the Clerk of the Court. (copy of assessment order and authorization to Prison Business Office) (rwc, ) (Entered: 09/07/2006) |
| 10/03/2006 | 9 | ORDER - plaintiff shall return to Clerk original USM 285 form(s) for remaining defendant Correctional Medical Service as well as the DE Attorney General. Upon receipt, the U.S. Marshal shall serve process as directed by plaintiff. (Copy to pltf.), The claims against Thomas Carroll and Stanley Taylor are dismissed as frivolous. Signed by Judge Kent A. Jordan on 10/3/06. (rwc, ) (Entered: 10/04/2006) |
| 10/25/2006 | | Partial Filing Fee Received from Adam Hackett: $ 1.18, receipt number 145179 (copy to business office) (rpg, ) (Entered: 10/26/2006) |
| 12/14/2006 | | Partial Filing Fee Received from Adam Hackett: $ 5.82, receipt number 145671 (copy to business office) (rpg) (Entered: 12/14/2006) |
| 12/15/2006 | 10 | [1:06-cv-426-***]: Please note that, in accordance with the attached standing order, this case has been designated as one to be assigned to the judge who fills the vacancy left by the elevation of Judge Kent A. Jordan to the United States Court of Appeals for the Third Circuit. Pending |

| | | |
|---|---|---|
| | | assignment, the case has been referred to Magistrate Judge Mary Pat Thynge for all pretrial proceedings, pursuant to 28 U.S.C. section 636(b). Please include ***, in place of the Judge's initials, after the case number on all documents filed. (rwc) (Entered: 12/15/2006) |
| 01/24/2007 | 11 | ACKNOWLEDGMENT OF RECEIPT of USM 285 forms. (rwc) (Entered: 01/24/2007) |
| 01/24/2007 | | Remark : Exit service copies to U.S. Marshal per Order (DI# 9). (rwc) (Entered: 01/24/2007) |
| 02/05/2007 | 12 | NOTICE of Appearance by Amy Arnott Quinlan on behalf of Correctional Medical Services (Quinlan, Amy) (Entered: 02/05/2007) |
| 02/05/2007 | 13 | REQUEST FOR WAIVER of Service sent to Adam Hackett, Pro Se on February 5, 2007 by Correctional Medical Services.Waiver of Service due by 3/26/2007. (Quinlan, Amy) (Entered: 02/05/2007) |
| 02/09/2007 | 14 | WAIVER OF SERVICE with 285 form returned executed For Correctional Medical Services: waiver sent on 1/25/2007, answer due 3/26/2007. (ntl) (Entered: 02/09/2007) |
| 03/05/2007 | 15 | USM 285 Returned Executed Correctional Medical Services served on 2/27/2007, answer due 3/19/2007. (rwc) (Entered: 03/05/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/26/2007 13:53:08 | | | |
| PACER Login: | mj0008 | Client Code: | 111331-0006 |
| Description: | Docket Report | Search Criteria: | 1:06-cv-00426- Start date: 1/1/1970 End date: 3/26/2007 |
| Billable Pages: | 2 | Cost: | 0.16 |

## CERTIFICATE OF SERVICE

I, Amy A. Quinlan, hereby certify that on this 26th day of March, 2007, I have caused two

(2) copies the following documents to be served on the parties listed below:

**DEFENDANT CMS' MOTION TO DISMISS PURSUANT TO TITLE 18 DEL. C. §6853 (a)(1)**

By First Class U.S. Mail to:

Adam Hackett, *Pro Se*
SBI #00329697
DCC
1181 Paddock Road
Smyrna, DE  19977


Amy A. Quinlan (#3021)

EVA/111331-0006/1543645/1