IN the United States District Court
for the District of Delaware

Adam Hackett
  Pro'se  Plaintiff
    Vs.
Correctional Medical Services
Warden, Thomas Carrol
Commissioner, Stanley Taylor
     Defendant

C.A. # 06-426 KAJ



FILED

APR 18 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

Plaintiff Objections to Defendant Motion
To Dismiss, Pursuant to title 18 Del C.S 6853(a)

Plaintiff humbly implore this Honorable Court to not dismiss but allow the complaint to proceed it's course.

Plaintiff is no lawyer but it appears from Defendant's Motion seeking Dismisal, that the Defendant is exploiting citating provision title 18, Del 6853(a) to avert addressing the true merits of civil action. The play with words and it's terminologies can not stand against the weight of Medicals Past Six years of gross negligence. Plaintiff submit's exhibit _A_ for the Courts inspection and also Submitted a Seperate motion Supplying Defendants with a more Defenite Statement for which they can respond to Plaintiffs Complaint.

Plaintiff will soon be submitting requests pursuant to Civil Rules, requesting, discovery, interrogations, Production of documents and despositions. The filing of these motion's will enable Plaintiff to obtain, amongst other things copies of affadavitts for which Defendant's asseft should been supplied.

Plaintiff further request this Honorable Court to not dismiss this action because there exrsit no other ~~reason~~ for the injury's sustained by Plaintiff.
recourse

Consequently ~~through~~ no fault of the Defendant on December 18, 2006 the Institution terminated scheduled appointments to the M.H.U. law library add to that of access to a trained paralegal. Plaintiff's constitutional access to the Courts via Law library access has been grossly compromised resulting in Plaintiff being unable to effectively litigate this current action. The Constitution guwrantee's access to Bounds verses Smith; a United States Supreme Court Ruling... however Plaintiff is being denied.

## action Requested

Plaintiff request that this Court not Dismiss on the basis of Defendants Play on the language of word definitions. Plaintiff implor this Court to grant Plaintiff an opportiunty to fully present it's issues, supporting the merits and that of the violations

Plaintiff assert that the U.S. Department of Justice found substantial civil rights violations in Delaware Person involving medical neglect. Compound for the dis violations their was an 86 point agreement made involving civil rights violation giving credibility to Plaintiff's claims.

*Adam Hackett*
Respectfully submitted

4-15-07

# Inmate wins civil rights lawsuit against Del. prison medical firm

**By SEAN O'SULLIVAN**
The News Journal

WILMINGTON — The contractor handling medical services for state prisons violated an inmate's constitutional rights in 2001 and 2002 through "obviously inadequate" care, according to a federal judge.

Chief Judge Sue L. Robinson further found the evidence was so overwhelming that she granted inmate Richard Mark Turner's motion for summary judgment, meaning he has won his case without a trial.

What makes the ruling even more remarkable, according to legal experts, is that Turner, 51, got the ruling in a lawsuit that he filed and argued without an attorney.

"This is a very rare event," said Elizabeth Alexander, director of the American Civil Liberties Union's National Prison Project.

Turner, who is now incarcerated in Bellefonte, Pa., could not be reached for comment.

Prison officials and officials with Correctional Medical Services said Friday they had not read the ruling, handed down late Wednesday, and therefore could not respond directly to it.

"We intend to review the judge's ruling in detail before taking any additional action," CMS spokesman Ken Fields wrote in an e-mail Friday. He also noted the case involves events that are more than five years old, a time when less was known about the treatment of hepatitis C, which Turner had.

The U.S. Department of Justice found "substantial civil rights violations" in Delaware prisons last year, following a 2005 News Journal series on prison medical care documenting abuses in the prison.

In December, the state signed a settlement agreement with federal investigators, promising to correct the problems.

On Friday, Corrections spokeswoman Gail Stallings Minor said the department is continuing to address every issue identified in the report.

**See INMATE — A7**

**Richard Mark Turner filed and argued the lawsuit without an attorney.**

I/M

SBI# _____ UNIT _____

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

Exhibit A

HACK
Two copies

Exhibit A

# Inmate: Inadequate training for self-injection violated civil rig

FROM PAGE A1

According to Robinson's ruling, Correctional Medical Services violated Turner's rights when its employees failed to adequately train him in how to use a syringe to inject himself with interferon – a form of chemotherapy – to treat his hepatitis C and "turned a blind eye" when they observed him improperly injecting himself three times a week for seven months. Turner injected himself in the same spot rather than in several different locations as recommended by the information sheet included with the medicine.

As a result of the improper injections, Turner developed a serious infection, according to court papers.

The next step in Turner's case, filed in 2003, will be to determine damages. On Friday, Robinson ordered Turner and attorneys for Correctional Medical Services to file briefs for how much Turner is due, if anything, from the company to compensate him for the violation of his rights.

The Delaware Department of Correction – along with a number of its employees – were dismissed as defendants in the case by Robinson, along with a number of other claims made by Turner.

According to court papers, Turner was incarcerated in Delaware on assault and reckless-endangerment charges and was released in 2006. Several months after his release, Turner returned to prison Feb. 5 on harassment and aggravated-assault charges in Pennsylvania.

Turner was prescribed interferon in April 2000 but did not begin receiving the medicine until November 2001 because CMS told him it had no policy for treating inmates with hea-

## ONLINE EXTRAS

Read our series on prison health care, watch video interviews, read autopsy reports and join a discussion at **www.delawareonline.com**.

CMS, based in St. Louis, was replaced as the prisons' medical-services provider in 2002 by First Correctional Medical. But in 2005, CMS was given the job back in a $25.9 million no-bid contract with the state.

The ACLU's Alexander said CMS has been criticized "across the country" for its sub-standard treatment of inmates.

## Local legislators concerned

State Sen. Robert L. Venables, D-Laurel, who said Turner's father provided him information about the case, was not surprised by Robinson's ruling. "I read all of his medical records, three books the size of telephone books. I read that, and when I got done reading it, I could not believe what I read," he said. "It was unbelievable ... so detailed and horrible. I don't know how

anything like that could possibly happen to a human being without someone stepping in."

State Sen. Karen E. Peterson, D-Stanton, who also reviewed Turner's materials, agreed. She said she forwarded the information to federal investigators.

At the same time, Peterson said, she believes the situation in the prisons has improved recently. She said officials have gotten more responsive and things are "heading in the right direction."

## Critics say not enough being done

Others were not so sure. Dover attorney Steve Hampton, who has represented several inmates and their families in similar lawsuits, said the situation "hasn't improved at all."

Hampton said the judge's ruling is "another brick of evidence" that health care in Delaware prisons "violates the 8th Amendment and is indefensible."

Hampton represented the family of Anthony Pierce, who became known as "the brother with two heads" as an inmate at

Sussex Correctional Institution because of the large tumor on his head. Pierce, who was being treated by CMS staff, died from the brain tumor in 2002.

The state settled a wrongful-death lawsuit in a confidential agreement last year.

Maryanne McGonegal, of Delaware Common Cause, said

she does not believe state leaders are taking the issue seriously and are dragging their feet on reforms. "It is a disgraceful situation," she said.

It is possible Turner could be awarded cash by the court. But Hampton said when inmates win monetary damages, the money often ends up going to

ward fines, fees ow to their victims.

Attorney Eri Lyons Jr. said Turn end up with no m judge finds that suffered from CMS tle him to significa

*Contact Sean O'Sulliva ssulliван@delawareonl*




NM: Adam Hackett
SBI# 329697 UNIT MHU-2201

DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.
X-RAY

Office of Clerk
United States District court
844 N. King st, lock box 18
Wilmington, Del
19801

Legal
Mail

Legal
Mail

