IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADAM HACKETT, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 06-426 *** |
| | : |
| CORRECTIONAL MEDICAL SERVICES, | : |
| | : |
| Defendant. | : |

**DEFENDANT CMS' INTERROGATORIES DIRECTED TO PLAINTIFF**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant, Correctional Medical Services, ("defendant" or "CMS"), hereby requests plaintiff to answer, separately and fully in writing under oath, the following Interrogatories on or before the thirtieth day following service of the interrogatories, or at such other time as counsel may mutually agree in writing.

DEFINITIONS

Definitions used in connection herewith are set forth below. Definitions are used to assist in identifying documents and responding to the interrogatories. Use of a definition does not constitute a waiver of any legal position asserted by CMS.

A.  The terms "communication" or "communications" shall mean and refer to, without limitation, any document, statement, or expression which constitutes, embodies, evidences or relates to any transmission of a word, statement, fact, thing, idea, writing, instruction, demand or question, whether oral or written, including but not limited to, letters, telecopies, telexes, e-mails, voicemails, meetings, discussions, conversations, telephone calls, memoranda, conferences or seminars.

B.  The term "Document(s)" is employed in the broadest possible sense under Rule __ of the Federal Rules of Civil Procedure and means without limitation any written, printed, typed, photostated, photographed, recorded or otherwise reproduced communications or reproductions, whether assertedly privileged or not and including all copies or drafts of any such document which differ (by annotation or otherwise) in any respect from the original.

C.  The terms "identify", "identification" or "identity", as applied to a person, means to furnish, except as otherwise noted, his or her name and present or last known residence and business address, and, if a corporation, the state of incorporation.

D.  The terms "identify", "identification" or "identity" as applied to an oral communication means to provide the following information:

    (a)  By whom it was made and to whom it was directed;

    (b)  Its specific subject;

    (c)  The date upon which it was made;

    (d)  Who else was present when it was made; and

    (e)  Whether it was recorded, identified or summarized in any writing of any type and, if so, the identity of each such writing in the manner indicated below.

E.  The terms "identify", "identification" or "identity" as applied to a written communication or document means for provide the following information:

    (a)  Its nature (e.g., letter, memorandum, telegram, note, drawing, etc.);

    (b)  Its specific subject;

    (c)  By whom it was made and to whom it was directed;

    (d)  The date upon which it was made; and

    (e)  Who has possession of the original and any copies.

F.      The term "person" refers to the plural as well as the singular, of any natural person, firm, corporation, association, group or organization, unless specifically stated otherwise.

G.      The terms "relate" or "relating to" as used herein shall mean concerning, involving, consisting of, alluding to, referring to, appertaining to, regarding, reflecting, evidencing, having any logical or factual connection with, or tending to prove or disprove the matter discussed.

H.      The terms "you" and "your" shall mean the party to which these interrogatories are directed, its agents, officers, directors, and employees, and all other persons acting or purporting to act on its behalf of all of its representatives, including its attorneys.

## INSTRUCTIONS

A.      As used herein, the past tense shall include the present tense and the present tense shall include the past tense. The singular shall include the plural and the plural shall include the singular.

B.      If any interrogatory is answered by reference to a group of documents, with respect to each such answer, identify the specific document or documents containing the requested information and, if such information is contained in any document exceeding one page in length, include in the identification of said document the number of the particular page or pages (or other descriptive aid) and of the particular line or lines thereof upon which the information referred to in said interrogatories appears in your answer thereto.

C.      If you object to any of the interrogatories herein, whether in whole or in part, on the grounds that the information sought therein is privileged or confidential, state the following:

(a)     Identify the privileged document or communication;

3

  (b) Identify the persons who received or have received the privileged document and/or the persons present during the privileged communication;

  (c) Identify the person who made the privileged document or communication;

  (d) Identify the general subject matter of the privileged document or communication; and

  (e) State the basis for your claim of privilege with respect to each such document or communication.

 D. These Interrogatories are considered to be continuing in character, and whenever additional information responsive to them, but not supplied in answer to them is obtained or becomes known to plaintiffs, it shall be supplied in writing under oath to defendant as though expressly requested by separate interrogatories.

## INTERROGATORIES

1. Do you contend that you had a serious medical need and that the acts and/or inaction by this defendant indicate deliberate indifference to that need? If so please state the following:

  (a) Identify the serious medical need that you contend was not adequately addressed;

  (b) Identify each and every act and/or inaction that you believe constitutes deliberate indifference by this defendant; and

  (c) Identify the person(s) involved in the act and/or inaction identified in your answer to 1(b).

**ANSWER:**

2.  Describe in detail each and every physical injury, both temporary and permanent in nature, which you allege you have suffered as a direct and proximate result of the actions or inactions of this defendant.

**ANSWER:**

3.  For each injury described in your answer to Interrogatory No. 1 which you allege constitutes a permanent injury, describe in detail the facts upon which you rely in alleging that this disability is permanent, providing the details necessary for this defendant to identify and locate any information upon which you rely in making this allegation (names and addresses of physicians consulted; names and addresses of experts consulted; titles; forms; authors; publishers; and dates of publication for written materials, etc.).

**ANSWER:**

4.  If you are presently under the care of any physician or other medical personnel, state the name and address of the individual.

**ANSWER:**

5.  If you are not presently under the care of any physician or other medical personnel, state the following:

(a) The date of your last examination or treatment by a physician or other medical personnel;

(b) The name and address of the last physician or other medical personnel who examined or treated you;

(c) The purpose of your last examination or treatment;

(d) The nature of your last treatment.

**ANSWER:**

6.  Please state the date on which you first began experiencing any type of symptom, including but not limited to pain, which you relate to the right forehead sebaceous cyst.

**ANSWER:**

7.  Do you claim that you have experienced symptoms, including but limited to pain, after the surgical excision of the right forehead sebaceous cyst? If so, please state the nature and duration of the symptom(s).

**ANSWER:**

8. Do you currently experience pain related to the right forehead sebaceous cyst which was surgically removed? If the answer is no, please state the date you last experienced pain related to the cyst.

**ANSWER:**

Dated: 11/16/07

MORRIS JAMES LLP

_____
Amy A. Quinlan (#3021)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6886
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADAM HACKETT, | : |
|       Plaintiff, | : |
| v. | : C.A. No. 06-426 *** |
| CORRECTIONAL MEDICAL SERVICES, | : |
|       Defendant. | : |

## NOTICE OF SERVICE

I, Amy A. Quinlan, hereby certify that on this 16th day of November, 2007, I have caused two (2) copies the following documents to be served on the parties listed below:

**DEFENDANT CMS' INTERROGATORIES DIRECTED TO PLAINTIFF**

    By First Class U.S. Mail to:

    Adam Hackett, *Pro Se*
    SBI #00329697
    DCC
    1181 Paddock Road
    Smyrna, DE 19977

MORRIS JAMES LLP

_____
Amy A. Quinlan (#3021)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6886
Attorneys for Defendant

Dated: 11/16/07