IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ADAM HACKETT,
    Plaintiff,
V.

CORRECTIONAL MEDICAL SERVICES,
WARDEN, THOMAS CARROLL AND
COMMISSIONER STANLEY TAYLOR,
    Defendants,

C.A. NO. 06-426 KAJ


FILED
JAN 25 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

PLAINTIFF'S REPLY TO CORRECTIONAL MEDICAL SERVICE'S, INC'S RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL DATED JANUARY 15, 2008, AND RECEIVED JANUARY 17, 2008.

COMES NOW Plaintiff ADAM HACKETT, And Respectfully moves this Honorable COURT REJECT CORRECTIONAL MEDICAL SERVICES, INC'S RESPONSE TO, Deny Plaintiff's Motion for Appointment of Counsel for good Cause. That Good Cause being As follows:

1. Plaintiff Adam HACKETT, Asserts that, while CMS is Represented by competent Counsel. The Plaintiff, has been Expected to fend for himself. Through Counsel CMS, has virtually conceded that the "Subaqueous Cyst on Plaintiff's ~~right~~ right forehead was Surgically removed In or around July 2006".

2. Also, through Counsel, <u>CMS</u> contends that there are "No complicated Medical Issue and the remaining legal issues involved are at a late stage and that Plaintiff's request should be denied".

3. On the contrary, missing from this Courts consideration "Are the Professional opinions or diagnosis from a Medical Stand Point of the Potentially Possible Symptoms that may be Associated with the Removal of the Cyst. Particularly inlight of that I have been experiencing severe headaches and occassional blackouts in my prison cell. Time is of the Essense and Counsel for CMS or there Client does not seem to care about that imminent danger.

4. CMS, through Counsel, contends that there are No Medical issues and that the Remaining issue involve Are, At A late Stage. This is an insufficient defense for the Plantiffs Motion for the Appointment of Counsel and Should be Stricken Pursuant to FRCP 12(f). Because the Plantiff has been and continue to suffer from Post complications caused by Removal of the Subaqueous Cyst. It is undisputed that I had A Cyst and that it was Surgically Removed. However, After Removal of the Cyst, I begin to experience Problems that I believe Are associated with the treatment of that Surgery.

5. Plaintiff Asserts, that this been A Life Endangering Experience And I Remain in Imminent danger from those Surgical Complexity Now as well as in the future. Counsel for CMS Represents it's Client As it, has An obligation to do so, However I am the Victim in this case In Controversy. In the intrest of justice I Am, simply Requesting of the Court To Embrace My Concerns for the need of legal Representation in this matter. I have taken the

(2)

Liberty to seek Pro bono legal Representation to no avail. See letter Exhibit from those I Requested Assistance from. Exhibit's (A), (B), and (C).

6. Plaintiff, asserts that because of the surgical removal of the cyst has caused an actual, serious injuries causing blackouts and the Defendants through Counsel would oppose me Legal Representation That Appeals to Add Insult to Injury. And may violate the Eight Amendment prohibition on Cruel and unusual Punishment.

7. Plaintiff, believes that CMS, through Counsels, Statement that: "Because the Dead line for Plaintiff to identify An Expert in this matter has long since come and gone," is incorrect in this case and is capable of Repetition, yet evading Review. Because in Addition to the injury I'm Suffering from. Counsel for CMS, Neglects to inform the Court that I am laboring to Prosecute their Action from Delaware Correctional Center, Security Housing Unit (SHU). In the SHU, I have no physical Access to the Law Library. It is my understanding that the Reasoning is an Administrative one. However, The damaging Effects of Isolated Confinement, even of Persons with no History of Mental Illness, have long been well known. In this case, the challenged Action was in it's duration, too short to be fully litigated prior to it's cessation or Expiration and there is a Reasonable Expectation that the same Complaining Party may be subjected to the Same Action Again SEE Weinstein v. Bradford, 423 U.S. 147, 149, 96 S Ct. 347, 46 L. Ed 2d 350 (1975) And Sosna v. Iowa, 419 U.S. 393, 95 S. Ct. 553, 42 L. Ed 2d 532 (1975)

8. Over a century ago, the United States Supreme Court described The Effects of Solitary Confinement as Practiced in the Nation's Early Days:

(3)

"A considerable number of the prisoners fell after even a short confinement; into a semi-fatuous condition from which it was next to impossible to arouse them, and others became violently insane; others still, committed suicide; while those who stood the ordeal better were generally not reformed and in most cases did not recover sufficient mental activity to be of any subsequant service to the community" SEE IN RE MEDLEY, 134 U.S. 160, 168 (1890).

9. SEE ALSO, Report on Mental Health Issues at, Super Max Institution in Bosobel, Wisconsin, October 22, 2001 by Terry A. Kupers, M.D. Expert Report in Jones El v. Berge, No. 00-C-421-C (W.D. Wisconsin) at 1-2

## CONCLUSION

Plaintiff, ADAM HACKETT, states that, for the orementioned reason's and the Affidavit in support of his instant motion and the Attached Exhibits; this Honorable Court must deny Correctional Medical Serivces, Inc's motion to deny the Appointment of Counsel in this case.

Furthermore, CMS through it's Counsel, must not be emitted to Abridge or impair Petitioner's Right to Apply to Federal Court for an Appointment of Counsel in this case.

(4)

Especially in light of the fact that on, Friday, December 29th, 2006. It was reported the the U.S. Department of Justice announced a federal investigation found "Substantial Civil Rights Violations" inside four Delaware Prisons.

In relevant part, federal regulators identified a host of problems inside the prisons including inadequate screening and health assessments, inadequate treatment of inmates with infections, diseases, inadequate treatment of inmates with mental illness and deficiencies in the state's suicide-prevention measures.

The Plaintiff, asserts that although, the State by signing in 87 point agreement. The State promises to correct the deficiencies and meet generally accepted professional standards. Article III, Section 2, of the United States Constitution confines the jurisdiction of federal courts to the resolution of actual "cases" and controversies. SEE: Raines v. Byrd, 521 U.S. 311, 818, 117 S. Ct. 2312, 138 L. Ed 849 (1997);

The Plaintiff has a personal stake in, the outcome of this action due to an injury in fact, that is concreate and particularized and are actual and imminent and are not conjectural or hypothetical.

Because, the surgical removing of the cyst and post-operation black outs, dizziness, and headaches are particularized injuries that affects the plaintiff in a personal way.

As evidenced by the filing of this law suit Plaintiff has opted out of the 87 point agreement.

(5)

Plaintiff, Moves this Honorable Court to, Rule in His Favor And Appoint Counsel for Good Cause.

Please Consider. Very truly

*Adam Hackett*
ADAM HACKETT

# EXHIBITS

A. Liquori, Morris & Yiengst
   Attorneys At Law
   46 The Green
   Dover, DE 19901

B. Albert M. Greto, Esquire
   Attorney At Law
   1701 Shall Cross Avenue
   P.O. Box 756
   Wilmington, DE 19899-0756

C. Bifferato, Bifferato, And Gentilotti
   Attorneys At Law
   1308 Delaware Avenue
   The Buckner Building
   Post Office Box 2165
   Wilmington, DE 19899-2165  "No Response As of this date for Ex. C."

D. News Clippings dated 11/18/05



# Liguori, Morris & Yiengst

**Attorneys At Law**
46 The Green, Dover, Delaware 19901
(302) 678-9900 • Fax (302) 678-3008

EXHIBIT (A)

James E. Liguori
Gregory A. Morris
Laura A. Yiengst

January 9, 2008

Adam Hackett
SBI #329697
Building 22 B Lower 1
Delaware Correctional Center
1181 Paddock RD
Smyrna, DE 19977

Dear Mr. Hackett:

    I am in receipt of your letter dated 12/26/07. However, I am too busy at this time to help you.

                                     Very truly yours,

                                     James E. Liguori

JEL/jld


EXHIBIT (B)

# ALBERT M. GRETO, ESQUIRE
### ATTORNEY AT LAW

1701 SHALLCROSS AVENUE
SUITE C
P.O. BOX 756
WILMINGTON, DELAWARE 19899-0756

PHONE: (302) 761-9000
FAX: (302) 761-9035

January 16, 2008

**LEGAL CORRESPONDENCE**
Adam Hackett, #329697
Delaware Correctional Center
1181 Paddock Road
Building 22 B, Lower 1
Smyrna, DE 19977

RE:  Representation in Medical Lawsuit

Dear Mr. Hackett:

I have had an opportunity to review your Civil Complaint regarding your medical issues, and based on my review of the facts, I am presently unable to assist you in this matter at this time.

I wish you luck in pursuing this matter.

Very truly yours,

Albert M. Greto

AMG:dw

A14 • • • Friday, Nov. 18, 2005
www.delawareonline.com

**The News Journal**
A Gannett newspaper
**W. Curtis Riddle**
President and Publisher


EXHIBIT (D)

## OUR VIEW

**INDEPENDENT MISSION**

# Prison health advocate needs the authority to question doctors' care

The appointment of a longtime HIV/AIDS advocate to the job of prison health services administrator is a positive if questionable development.

It is positive because it indicates the Minner administration is taking to heart several criticisms of health care in Delaware's prisons.

(It is questionable because this new administrator's lines of authority are not clear. And as a nurse, how likely is this administrator to question the medical judgments of physicians?)

That question is important because of the way the new appointee, James Welch, responded when he denied a claim that he had previously criticized a doctor. He said, "I am not a physician. I can't give a professional opinion of his level of care."

Isn't that what the prison system needs? If judgments about the care given to prisoners are the center of the scandal, doesn't it make sense to have someone who can professionally confront doctors who make diagnoses and order treatments?

What the system needs is another physician – someone on the same professional level, an outsider imbued with a sense of mission and the power to act independently.

By all accounts Mr. Welch is a skilled professional. He can be counted on to be an advocate for humane health care in the prisons. But if this is all the Minner administration is willing to offer, the public has to wonder whether the appointment is real progress or mere window dressing.

## Certificate of Service

I, Adam Hackett, hereby certify that I have served a true and correct cop(ies) of the attached: Reply to Motion to Deny Appointment of Counsel, And Affidavit _____ upon the following parties/person (s):

TO: Clerk
U.S. District Court
lock box 18
844 N. King Street
Wilmington, DE 19801

TO: Attorney General
State of Delaware
820 N. French St.
Wilmington, DE 19801

TO: Morris James LLP
ATTN. Amy A. Quinlan
500 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899

TO: Adam Hackett
1181 Paddock Road
D.C.C.
Smyrna, DE 19977

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this 21 day of January, 2008

Adam Hackett
Delaware Correctional Center
1181 Paddock Road
Building 22 B Lower 1
Smyrna, DE 19977

I/M Adam Hackett
SBI# X 319697  UNIT MHU 22BL1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

LEGAL MAIL



U.S District Court Atth: Clerk
lock box 18
844 N. King St.
Wilmington, DE
19801