IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ADAM HACKETT,
   PLAINTIFF,

v.

CORRECTIONAL MEDICAL SERVICE,
WARDEN, THOMAS CARROLL AND
COMMISSIONER, STANLEY TAYLOR,
   DEFENDANTS,

C.A. NO. 06-426 KAJ



FILED
JAN 25 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AFFIDAVIT IN SUPPORT OF PLAINTIFF'S REPLY TO CORRECTIONAL MEDICAL SERVICE'S RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL.

I, Adam Hackett, Plaintiff/Affiant in, the above Aption Case do hereby swear that the statements, made herein are true and correct to the best of my Knowledge and belief and are sworn to under penalty of perjury pursuant to 28 U.S.C.A. 746 And 10 Delaware Code 5323.

THE FOLLOWING:

(1)

1. Plaintiff's Motion to the Court And Plaintiff's Reply to the Defendant C.M.S Correctional Medical Services Response is in good faith And Not to burden or delay the Court involving this Case in Controversy.

2. Plaintiff, has in good faith made A fair, And diligent Effort to Contact the Law Office's of:

   1. Liguori, Morris & Yiengst
   2. Albert M. Greto, Esquire And
   3. Bifferato, Bifferato, & Gentilotti

   See Replies from those Whom sent A Reply, Attached to this Affidavit

3. Plaintiff Asserts that in the Event that the Court has Made A Ruling in the interest of Justice, the Court may Consider Permitting Relief from such Judgement or Order Pursuant to FRCP 60(b)(1) or 60(b)(6). Plaintiff, has unfortunately been unable to Procure Counsel, However, under the Extraordinary Circumstances of this case the Court Must Reconsider Entertaining the Appointment of Counsel.

4. Plaintiff, states that Ray v. Robinson, 640 F.2d 474, 477-79 3d Cir 1981) 18 U.S.C. 3006A Provides No funds for Attorneys fees in civil Actions by Prisoners but District Court has discretion under 28 U.S.C. 1915 to Appoint Counsel in An in forma Pauperis civil Proceeding).

(2)

5. Plaintiff, states that HE is offering THE NEWS JOURNAL, ARticle dated Friday November 18, 2005, to help Demonstrate why the Need for Counsel is so "IMPERATIVE". The Court MAY take "Judicial" Notice of this Exhibit Pursuant to Fed. Evid. Rule 201 see Exhibit (C)

6. Plaintiff, states that it is belief that he CAN with the Aide of Counsel Sufficiently Establish A Constitutional Claim of INAdequate Medical CARE by convincing Proof of deliberate indifference to his Serious Medical Needs. That the Standards of deliberate indifference which include both the Objective And Subjective Components Exist in this CAse in Controversy. That the deprivation of care is objectively Serious And the facts gives Rise to A ReasonAble inference that the individuals Responsible CoRRectional Medical Services, Inc. whom was Providing Medical CARE know of those Serious Medical needs And intentionally disRegarded them. Counsel May Also be of Assistance to me with Medical PARole.

7. Plaintiff, states, that through Counsel, CoRRectional Medical SeRivces, INC has Not only Caused deliberate Indifference to my Medical Needs, But, Also Attempts to further handicap my Efforts to obtain legAl RepresentAtion An Act that it Seems the Defendants would welcome under the circumstances of this CAse, However, CMS's, Actions ARE functionally Equivalent to denial of Access to the CouRt to Prevent Full And fair disclosure to my inJury in FACT.

(3)

SWORN to ON this 21 day of January 2008. Pursuant to 28 U.S.C.A. 1746 And 10 Delaware Code 5323. I, ADAM HACKETT declare the aforemENt StAtEMENt to be true And correct to the best of My knowledge And belief

*Adam Hackett*
AFFiANt

MR. AdAM HACKEtt # 329697
DElAWARE CORRECtiONAl CENtER
1181 Paddock Road
Building 22 Blower 1
Smyrna, DE 19977

(4)