IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ADAM HACKETT,

      Plaintiff,

  V.

CORRECTIONAL MEDICAL SERVICES,

      Defendant

C.A. NO. 06-426



FILED

JAN 30 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

COPIES OF INTERROGATORIES REQUESTED
BY DEFENDANTS THROUGH COUNSEL

GENERAL A DOCUMENT filed Prose is to be, liberally Construed AND A PROSE COMPlAint However inARtfully Pleaded MUST be held to Less Stringent - STANDARDs thAN FORMAL PlEAdINGs drAfted by LAWYERS: SEE FederAl RULES OF CiViL Procedure RULE 8 (a)(2)(f) 28 U.S.C.A.

PlEASE ACCept these <u>documents</u> AND SUPPORTING AffiDAvit iN lieu OF the lost INTERROGATORIES.

THANK YOU

JANUARY, 26, 2008

ADAM HACKETT # 329697
D.C.C
1181 PAddOCK ROAd
BuildiNG 22 B LOWER ONE
SMYRNA, DE 19977

(1)

# CONTENTS OF INTERROGATORIES

1. CIVIL COMPLAINT

2. MOTION to Objection to DISMISS & UNAVAILABLE

3. Motion for MORE DEFINATE STATEMENT: UNAVAILABLE

4. MOTION FOR SANCATIONS: UNAVAILABLE

5. MOTION FOR APPOINTMENT OF COUNSEL

6. Plaintiff's Reply TO CORRECTIONAL MEDICAL SERVICES, INC,S Response

7. AFFIDAVIT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ADAM HACKETT,
         Plaintiff,
    V.

CORRECTIONAL MEDICAL SERVICES,
         Defendant,

C.A. NO. 06-426

## AFFIDAVIT IN SUPPORT OF INTERROGATORIES

I, ADAM HACKETT, Plaintiff, in the Above, CAPTION Civil Action declare Under Penalty Of Perjury the following Statement to be true And CORRECT to the best of My Knowledge And belief:

1. That my ASSERTIONS of Receiving indifferent Medical treatment is being filed in good faith.

2. That I PLACED INTERROGATORIES in the Prison Mail for photo Copies ON JANUARY 13th, 2008 but Never Recieved them.

3. That, I WAS Under the impression that the LAW Library May have been backed up As to why I have'nt Recieved the first INTERROGATORIES And information About Medical CARE in Delaware Prisons And CommuniCATION to Tobi Longwitz, STAFF AttorNey for the U.S. Justice Dept, Civil Division.          (1)

THAt, iN RELEVENT PART, the U.S. DEPARTMENT OF JUSTICE
CiViL DePARTMENT found thAt UNCONSTiTutiONAL CoNditioNs
RelAted to MedicAl CARE does Exist iN DELAWARE PRisoNs
ANd PLAiNtiff believes that it Existed during the time
Of iNdiffereNT MedicAl treAtment He RECIEVed.

5. THAt, iNdiffERENt MEDICAl tREAtMENt PROXiMAtELy ResultEd
iN the FORMs OF bluRed ViSiON, headAches, blackout
EquiVeleNt to A STROKE. All of which were NOt Present Prior
to the SurgicAl REMOVAl Of the CYSt.

6. THAt, My CONCERN to SEEK MedicAl AttENtiON WAs to, get A
diAgNOsis to ASCERTAiN WhAt the PRoblem WAs. Whether it
WAs SomethiNg I had to WoRRy aboot, ThERE WERE CoMMENts
MAde thAt if I didn't get the CYst cut oot. It WAS possible
FOR ME to hAVE A lump grow the Size Of the NOW
deseAsed INMAte ANthony PiERCE. INMAte PiERCE, WAs serving A
14 MONth SENtENce for PAROle ViOlAtiON Of A burglARy ChARge
At DELAWARE's SuSSEX CoRRECtiONAl INStitutiON. WhiLE
there HE discovERed A MARble SiZE lump growiNg oN the bAck of
His HEAd. A PRisoN DoctoR is SAid to hAve told him the lump WAs
Most likely, CYst OR AN iNgrown hAiR. It is SAid that SeveN MoNths
lAtER the lump had beCOME tEN iNChES iN diAMEtER OR like A
SecoNd hEAd.

7. THAt, it is fuRthER RePorted thAt A _CMS_, MEdicAl DiRECtoR DR. Keith
IVENS, stAbbed the bulgiNg tumoR 5 times WiTh AN 18 gAUge NEEdle
withdrowiNg A bloody fluid which he EMptied iNto A tRAsh CAN
RAtheR thAN SENd it to A lab foR ANALysis. No one hAs told, me the
ActuAl Results Of the fluid tAkeN from ME. AS the PLAiNtiff, Who
hAs ExPERieNced A few blAckoots, since the SurgicAl RemoVAl Of the

8. THAT, in Addition to this LAW Suit. Plaintiff, will be Petitioning the Delaware State Board of Parole A Request to be Considered for MEDICAL PAROLE FOR the REMAINDER Of My PRISON Sentence.

9. THAT, CMS MAY be Medically Neglient in their, Recommondation to Remove And Post treatment having Surgically Removed the Cyst. Causing ME to undergo AN unnecessary Surgery And Adding life Altering Pain And Suffering,

I, ADAM HACKETT, depose And Says that these Statements Are true And correct to the best of My Knowledge And belief. Sworn And Subscribed under Penalty of Perjury Pursuant to 28 U.S.C.A. 1746 And 10 DELAWARE CODE 5323.

ON this 26th day of JANUARY 2008.

Adam Hackett
ADAM HACKETT
AFFIANT

(3)

(Rev. 5/05)

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

(1) _Adam  HAckett   00329647_
   (Name of Plaintiff)    (Inmate Number)

_D.C.C. 1191 Paddock Rd.
Smyrna, Delaware  19977_
   (Complete Address with zip code)

(2)_____N/A_____
   (Name of Plaintiff)    (Inmate Number)

_____N/A_____
   (Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) _Correctional  Medical Services_

(2) _Thomas Carroll (Warden)_

(3) _Stanley Taylor (Commissioner) Et.al_
   (Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

:
:
:
:
:
:
:
:      (Case Number)
:   ( to be assigned by U.S. District Court)
:
:
:
:
:
:
:
:    **CIVIL  COMPLAINT**
:
:
:
:    • •  Jury Trial Requested
:
:
:

**I.    PREVIOUS LAWSUITS**

A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
      including year, as well as the name of the judicial officer to whom it was assigned:

N/A


( 1 )ONE

II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution?    • Yes • •No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims?    • Yes • •No

C.    If your answer to "B" is Yes:

1.  What steps did you take? _Filed grievance to institution_
    _Comitte_

2.  What was the result? _Grievance Was returned stating..._
    _"Expired" filing period See.... Exhibit A_

D.    If your answer to "B" is No, explain why not: _N/A_

III.    DEFENDANTS (in order listed on the caption)

(1) Name of first defendant: _Correctional Medical services (Cms)_

Employed as _In It's Capacity as_ at _Department of corrections_

Mailing address with zip code: _1181 Paddock Rd. Smyrna; DE_

_19977_

(2) Name of second defendant: _Thomas Carroll (Warden)_

Employed as _Warden_ at _D.C.C_

Mailing address with zip code: _1181 Paddock Rd. Smyrna, DE_

_19977_

(3) Name of third defendant: _Stanley Taylor_

Employed as _Commissioner_ at _Department of corrections_

Mailing address with zip code: _245 McKee Rd. Dover, Delaware_

_19904_

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. Not getting nessessary Medical attention for an unusual bump that appeared on plaintiffs head.

2. Plaintiff was seen by C.M.S medical Staff and was told that he (Plaintiff) was to see outside specialist to have the "lump" surgically removed.

3. Plaintiff has waited almost a full year Plaintiff filled out a "sick call" slip request in order to find out why he (Plaintiff) wasn't seen by a Specialist on 6-5-06 cms doctor told Plaintiff that she has to put in another consultation request, cause the first one expired.

## V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Outside Treatment of Diagnosis by another Doctor not affilated with C.M.S

3

2.  _Monatory Compensation for lack_
    _of Nessesary Medical attention and_
    _Care, Pain and Suffering._

    _____

    _____

3.  _An amount to be determined_
    _by presiding Judge or Jury_

    _____

    _____

    _____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this **3rd** day of _July_, _2006_.

_Adam Hackett_
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4

*Exhibit-A*

**FORM #585**

**MEDICAL GRIEVANCE**

FACILITY: $D.C.C$

INMATE'S NAME: *Adam Hackett*

HOUSING UNIT: *22-BU-1*

DATE SUBMITTED: 5/17/06

SBI#: 329697

CASE #: 44010

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

**SECTION #1**

DATE & TIME OF MEDICAL INCIDENT: *On-Going*

TYPE OF MEDICAL PROBLEM:

*Grievant submitted a sick-call slip regarding a bump a his head. Grievant was seen by a D.C.C. doctor and the doctor told grievant that he (Grievant) had to be seen by an outside doctor concerning said bump. It has been almost a year and grievant hasnt heard anything regarding outside consultation. Grievant is experiencing bad head-aches,*

GRIEVANT'S SIGNATURE: *Adam Hackett*    DATE: *5-17-06*

ACTION REQUESTED BY GRIEVANT: *That grievant is updated on status of consultation. And, that grievant is examined by a C.M.S. doctor A-S.A.P.*

DATE RECEIVED BY MEDICAL UNIT: _____

**RECEIVED**

**MAY 18 2006**

<u>NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.</u> Inmate Grievance Office

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven (7) days from the date of the occurrence or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be received during the next working day.

### Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOV Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s) :

_____ **Vulgar/Abusive or Threatening Language.** The Language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.

_____ Disciplinary Action          _____ Parole Decision          _____ **Classification Action**

_____ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate Office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____.

_____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

✓ **Expired Filing period.** Grievance exceeds seven (7) days from date of occurrence.

Inmate Grievance Chairperson

6-3-06
Date

CONSENT FOR RELEASE OF MEDICAL INFORMATION

Patient Name: _Adam Hackett_          DOB: _2-22-83_

Address: _Delaware Correctional Center_
_1181 Paddock Rd._
_Smyrna, DE. 19977_

_First Correctional Medical (FCM)_

I hereby authorize: _Correction Medical Services (CMS)_

To release to: _United States District Court_
_District of Delaware_

The following medical information covering the period(s) of treatment or
hospitalization from: _1-1-05 thru current_

Specific information to be released: _All medical records_
_involving the above name individual_

This information is to be disclosed for the following purpose:
_For the purpose of determining whether a violation_
_of the named individuals Constitutional rights has_
_been violated occured._

I understand that this authorization can be revoked at any time, but
not retroactive to the release of information already made in good
faith. This authorization will automatically expire no later than
ninety (90) days from date affixed below:

Date: _7-3-06_

_Adam Hackett_
Patient or Authorized Party

_Cousin_
Relationship

_Witness_

# *DELAWARE CORRECTIONAL CENTER*
## *SUPPORT SERVICES OFFICE*
## *MEMORANDUM*

*TO:*     <u>adam Hackett</u>   SBI#: _329697_

*FROM:*   Stacy Shane, Support Services Secretary

*RE:*     <u>6 Months Account Statement</u>

*DATE:*   June 22, 2006

---

Attached are copies of your inmate account statement for the months of
<u>December 1, 2005</u> to <u>May 31, 2006</u>.

The following indicates the average daily balances.

**MONTH**            **AVERAGE DAILY BALANCE**

Dec                   35.58
Jan                   25.42
Feb                   15.83
March                 .34
april                 18.10
May                   7.47

*Average daily balances/6 months:* ___17.12___

Attachments
CC:  File

Stacy Shane

Candy Joneu 6-22-06

AO 240 (Rev. 10/03)
DELAWARE (Rev. 4/05)

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

Adam Hackett

Plaintiff

V.

Correctional Medical Services(cms)et,al

Defendant(s)

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

CASE NUMBER:

I, Adam Hackett                    declare that I am the (check appropriate box)

Petitioner/Plaintiff/Movant        • • Other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under
28 USC §1915,  I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief
sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently incarcerated?        • Yes      • • No      (If "No" go to Question 2)

    If "YES" state the place of your incarceration Delaware Correctional Center

    **Inmate Identification Number (Required):** 00 329697

    Are you employed at the institution? N/O Do you receive any payment from the institution? N/O

    *Attach a ledger sheet from the institution of your incarceration showing at least the past six months'
    transactions*

2.  Are you currently employed?    • • Yes         • No

    a.  If the answer is "YES" state the amount of your take-home salary or wages and pay period a
        and give the name and address of your  employer.

    b.  If the answer is "NO" state the date of your last employment, the amount of your take-home
        salary or wages and pay period and the name and address of your last employer.

3.  In the past 12 twelve months have you received any money from any of the following sources?

    | | | | |
    |---|---|---|---|
    | a. | Business, profession or other self-employment | • • Yes | No |
    | b. | Rent payments, interest or dividends | • • Yes | No |
    | c. | Pensions, annuities or life insurance payments | • • Yes | No |
    | d. | Disability or workers compensation payments | • • Yes | No |
    | e. | Gifts or inheritances | • • Yes | No |
    | f. | Any other sources | Yes | • • No |

    If the answer to any of the above is "YES" describe each source of money and state the amount
    received *AND* what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)
DELAWARE (Rev. 4/05)

*Monies from parents on occassion ($25.00) for Commissary, hygiens. Ecto..*

4.    Do you have any cash or checking or savings accounts?                    • • Yes        •. No

      If "Yes" state the total amount $_____

5.    Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other
      valuable property?
                                                                               • • Yes        No

      If "Yes" describe the property and state its value.

6.    List the persons who are dependent on you for support, state your relationship to each person and
      indicate how much you contribute to their support, *OR* state *NONE* if applicable.

                              *None*

      I declare under penalty of perjury that the above information is true and correct.

*7-3-06*
DATE                          *adam Hockett*
                              SIGNATURE OF APPLICANT

NOTE TO PRISONER: A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit
stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional
officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts.
If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified
statement of each account.

## CERTIFICATE
(Incarcerated applicants only)
*(To be completed by the institution of incarceration)*

I certify that the applicant named herein has the sum of $ _5.07_ on account his/her credit at (name

of institution) _Delaware Correctional Center_.

I further certify that the applicant has the following securities to his/her credit: _N/A_

I further certify that during the past six months the applicant's average monthly balance was $ _17.12_

and the average monthly deposits were $ _35.00_

_01/25/06_
Date

_Stacy Shane_
Signature of Authorized Officer

*(NOTE THE REQUIREMENT IN ITEM 1 FOR THE INMATE TO OBTAIN AND ATTACH LEDGER
SHEETS OF ACCOUNT TRANSACTIONS OVER THE PAST SIX MONTH PERIOD. LEDGER SHEETS
ARE NOT REQUIRED FOR CASES FILED PURSUANT TO 28:USC §2254)*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ADAM HACKETT,
                    plaintiff          C.A. NO. 06-426 ***

        v.

CORRECTIONAL MEDICAL SERVICES,
                    Defendant,

AFFIDAVIT IN SUPPORT OF THE PLAINTIFF'S
MOTION FOR THE APPOINTMENT OF COUNSEL

ADAM HACKETT, being duly sworn, deposes and says:

1. I am the Plaintiff in the above entitled case. I make
this affidavit in support of my motion for the appointment of Counsel.

2. The complaint in this case alleges that the Plaintiff
was subjected to irregular medical treatment. Took Plaintiff
two years to see Outside Doctor, After Plaintiff Surgery Medical
officals did'nt give Plaintiff proper care.

3. The case involves medical issues that may require expert
testimony.

(FOUR)

4. The case will require discovery of documents and depositions of a number of witnesses.

5. The testimony will be in sharp conflict, since the Plaintiff alleges that the defendants didn't give proper medical care, while the Defendants in their ~~████~~ reports assert that Plaintiff recieved proper medical Care.

6. The Plaintiff has not finished High school and has no legal education.

7. The Plaintiff is serving a sentence in the MHU. And we can not physically go to the Law Library to study case law. Plaintiff can't investigate the facts of the case, for example review medical records, interviewing witnesses, who were witnesses to the mistreatment.

WHEREFORE, the Plaintiff's motion for the appointment of Counsel should be granted.

ADAM HACKETT

Sworn to before me this

26th day of Dec, 2007

My Commission expires  6-17-2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ADAM HACKETT,

　　　　Plaintiff,

　　V.

CORRECTIONAL MEDICAL SERVICES,

　　　　Defendant,

C.A. NO. 06-426***

## MOTION FOR APPOINTMENT OF COUNSEL

Pursuant to 28 U.S.C § 1915(e)(1) Plaintiff moves for an order appointing Counsel to represent him in this case. In support of this motion Plaintiff States:

1. Plaintiff is unable to afford Counsel.

2. Plaintiff's imprisonment will greatly limit his ability to litigate. The issues involved in this case are complex, and will require significant research and investigation. Plaintiff has limited access to the law library and limited knowledge of the LAW.

3. A trial in this case will likely involve conflicting testimony, and counsel would better enable plaintiff to present evidence and cross examine witnesses.

4. Plaintiff has made effort to obtain a lawyer. Attached to this motion are     (Four)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ADAM HACKETT,

       Plaintiff,

     V.

CORRECTIONAL MEDICAL SERVICES,
WARDEN, THOMAS CARROLL AND
COMMISSIONER STANLEY TAYLOR,

       Defendants,

C.A. NO. 06-426 KAJ

Plaintiff's Reply TO CORRECTIONAL MEDICAL
SERVICE'S, INC'S Response To Plaintiff's Motion
for APPOINTMENT Of COUNSEL DATED
JANUARY 15, 2008, AND RECEIVED JANUARY 17,
2008.

COMES NOW Plaintiff ADAM HACKETT, And Respectfully
moves this Honorable COURT REJECT CORRECTIONAL MEDICAL
SERVICES, INC'S RESPONSE to, Deny Plaintiff's Motion for
Appointment Of COUNSEL for good CAUSE. That Good
Cause being As follows:

1. Plaintiff Adam HACKETT, ASSERTS that, While <u>CMS</u> is
Represented by competent Counsel. The Plaintiff, has been Expected
to fend for himself. Through Counsel <u>CMS</u>, has virtually
Conceded that the "Subaqueous Cyst on Plaintiff's ~~forehead~~
Right forehead was Surgically removed In or around July 2006".
(FIVE)

2. Also, through Counsel, CMS contends that there Are "No complicated MEDICAL Issue And the Remaining Legal issues involved ARE At A lATE StAge And that Plaintiffs Request Should be denied".

3. On the Contrary, missing from this COURTS Consideration "ARE The Professional Opinions or diagnosis from A MEDICAL Stand Point of the Potentially Possible Symptoms that may be Associated with the Removal of the Cyst. Particularly inlight of that I have been experiencing Severe headaches And Occassional blackouts in my prison cell. Time is of the Essense And Cansel for CMS or there Client does Not SEEM to Care About that imminent danger.

4. CMS, through Counsel, contends that there are No MEDICAl issues And that the Remaining issue involve Are, At A late Stage. This is AN insufficient defense for the Plantiffs Motion for the Appointment of Counsel And Should be Stricken Pursuant to FRCP 12(f). BeCause the Plantiff has been And Continue to Suffer from Post Complications Caused by Removal of the SubAqueous Cyst. It is Undisputed that I had A Cyst And that it was Surgically Removed. However, After Removal of the Cyst, I begin to ExperIENce ProblEMS that I bEliEve ARE ASSociated with the treatment of that Surgery.

5. Plaintiff, Asserts, that this been A Life Endangering Experience And I remain Imminent danger from those Surgical Complexity Now as well as in the future. Counsel for CMS Represents it's Client As it, has An Obligation to do so, However I am the Victim in this case in Controversy. In the Intrest of justice I am, simply Requesting of the COURT TO EMBRACE MY, Concerns for the need of legal Representation, in this matter. I have taken the

(2)

Liberty to seek Pro bono legal Representation to No Avail.
See letter Exhibit from those I Requested Assistance from.
Exhibit's (A), (B), and (C).

6. Plaintiff, Asserts that because of the, Surgical Removal of the Cyst has caused An Actual, serious Injuries causing blackouts And the Defendants through Counsel Would oppose me Legal Representation, That Appeals to Add Insult to Injury. And May Violate the Eight Amendment prohibition on CRUEL And unusual Punishment.

7. Plaintiff, believes that CMS, through Counsels, Statement that: Because the Deadline for Plaintiff to identify AN Expert in this matter has long since come And gone," Is incorrect in this CASE And Is capable Of Repetition, yet evading Review. Because in Addition to the injury I'm Suffering From. Counsel for CMS, Neglects to inform the court that I Am laboring to Prosecute their Action from Deleware Correctional CENTER, SECURITY Housing unit (SHU). IN the SHU, I have No Physical Access to the LAW Library. It is my understanding that the REASONING Is An Administrative One. However, The damaging Effects of Isolated Confinement, even of Persons with No HISTORY Of MENTAL ILLNESS, have long been well known. IN this case, the challenged Action was in it's duration, too short to be fully litigated Prior to it's CESSATION OR Expiration And there is A Reasonable Expectation that the Same Complaining PARTY may be Subjected to the SAME Action Again SEE WEINSTEIN V. Bradford, 423 U.S. 147, 149, 96 S Ct. 347, 46 L. Ed 2d 350 (1975) And SOSNA V. IOWA, 419 U.S. 393, 95 S. Ct. 553, 42 L. Ed 2d 532 (1975)

8. OVER A CENTURY AGO, the UNITED STATES Supreme COURT described The Effects of Solitary Confinement AS PRActiced IN the Nation's EARly DAYS:

(3)

"A CONSIDERABLE NUMBER OF the PRISONERS
fell After Even A short Confinement; into A
Semi-FATUOUS Condition from which it was
NExt to impossible to AROUSE them, And others
became violently inSANE; Others still, committed
Suicide; while those who stood the ordeAL better
WERE GenerAlly NOT REFormed And in MOST CASES
Did NOT RECOVER Sufficient MENTAL Activity to
be of Any subsequent SERVICE to the Community"
SEE IN RE MEDLEY, 134 U.S. 160, 168 (1890).

9. SEE AlSO, REPort ON MENTAL HEALTH ISSUES At,
SUPER MAX INSTITUTION iN Bosobel, Wisconsin,
October 22, 2001 by TERRY A. KUPERS, M.D.
Expert Report in Jone's El v. BERGE, NO. 00-C-421-C
[W.D. Wisconsin] At 1-2

## CONCLUSION

Plaintiff, AdAM HACKEtt, StAtES that, for the
FOREMENTION REASON's And the Affidavit iN Support of
his instant Motion And the Attached Exhibits; this Honorable
OURT must deny CORRECTional MEDICAl SERiVces, INC's
lotion to deny the Appointment of Counsel in this CASE.

FURTHERMORE, CMS through it's Counsel, must Not be
:RMITTED to Abridge or impAIR PETITIONER's Right to Apply to
FEDERAl COURT FOR AN Appointment of Counsel iN this CASE.

(4)

ESPECIALLY ENlight of the FACT that on, Friday, December 29th, 2006. It WAS Reported the the U.S. DePARTMENT of Justice ANNOUNCED A FEDERAL INVESTIGATION found "SubstANTIAl Civil Rights ViolAtIONS" inside FouR DELAWARE PRISONS.

IN RELEVANT PART, FEDERAl RegulAtoRS identified A host of Problems inside the Prisons including inAdequate ScREENING And HEAlth ASSESSMENTS, inAdequate treatment of INMATES with infections, diseAses, inAdequate treatment of inmates with MENtAl illNESS And defiaiencies IN the STATE'S Suicide-Prevention MEASURES.

THE PlAintiff, AssErts that AlthAgh, the _STAte_ by signing IN 87 Point AGREEMENT. The STAte Promises to CORREct the deficiencies And MEET GenERAlly AcceptEd Professional StANdARds. ARticle III, SECtion 2, of the UNITED STATES constitution onfines the JuRisdiction OF fEdeRAl COuRts to the Resolution of Actual "CASES" And ConTROVERCIES. SEE: RAINES v. Byrd, 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L. Ed 849 (1997);

The PlAintiff has A PersonAl STAke iN, the outcome of this Iction due to AN injury IN FAct, that is ConCREATE And PARTicuIARIzED Id ARE Actual And imminENt And ARE NOt CONJECturAl OR ypothE+icAl.

BECAUSE, the SuRgicAl Removing of the Cyst And Post-ipeRAtion BlAck outs, dizziness, And headAches ARE ParticuIARIzed Juries that AFFECts the PlAintiff iN A PersonAl WAY.

AS EvidenCed by the filing of this LAW, suit PlAintiff has pted out of the 87 Point AGREEMENt.

(5)

Plaintiff, Moves this Honorable Court to,
RULE IN His FAVOR And APPOINT COUNSEL for Good CAUSE.

PleASE Consider. Very truly

Adam Hackett
AdAM HACKETT

(6)

# EXHIBITS

A. Liquori, Morris & Yiengst
   Attorneys At Law
   46 The Green
   Dover, DE 19901

B. Albert M. Greto, Esquire
   Attorney At Law
   1701 Shall Cross Avenue
   P.O. Box 756
   Wilmington, DE 19899-0756

C. Bifferato, Bifferato, And Gentilotti
   Attorneys At Law
   1308 Delaware Avenue
   The Buckner Building
   Post Office Box 2165
   Wilmington, DE 19899-2165  "No Response As of this date
                                for Ex. C."

D. News Clippings dated 11/18/05



# Liguori, Morris & Yiengst

EXHIBIT (A)

**Attorneys At Law**
46 The Green, Dover, Delaware 19901
(302) 678-9900 • Fax (302) 678-3008

James E. Liguori
Gregory A. Morris
Laura A. Yiengst

January 9, 2008

Adam Hackett
SBI #329697
Building 22 B Lower 1
Delaware Correctional Center
1181 Paddock RD
Smyrna, DE 19977

Dear Mr. Hackett:

I am in receipt of your letter dated 12/26/07. However, I am too busy at this time to help you.

Very truly yours,

James E. Liguori

JEL/jld

EXHIBIT
(B)



# ALBERT M. GRETO, ESQUIRE
## ATTORNEY AT LAW

1701 SHALLCROSS AVENUE
SUITE C
P.O. BOX 756
WILMINGTON, DELAWARE 19899-0756

PHONE: (302) 761-9000
FAX: (302) 761-9035

January 16, 2008

**LEGAL CORRESPONDENCE**
Adam Hackett, #329697
Delaware Correctional Center
1181 Paddock Road
Building 22 B, Lower 1
Smyrna, DE 19977

　　　**RE:    Representation in Medical Lawsuit**

Dear Mr. Hackett:

　　　I have had an opportunity to review your Civil Complaint regarding your medical issues, and based on my review of the facts, I am presently unable to assist you in this matter at this time.

　　　I wish you luck in pursuing this matter.

　　　　　　　　　Very truly yours,

　　　　　　　　　Albert M. Greto

AMG:dw

**A14** • • • Friday, Nov. 18, 2005
www.delawareonline.com

The News Journal
A Gannett newspaper
**W. Curtis Riddle**
President and Publisher

EXHIBIT
(D)

## OUR VIEW

### INDEPENDENT MISSION

# Prison health advocate needs the authority to question doctors' care

The appointment of a longtime HIV/AIDS advocate to the job of prison health services administrator is a positive if questionable development.

It is positive because it indicates the Minner administration is taking to heart several criticisms of health care in Delaware's prisons.

(It is questionable because this new administrator's lines of authority are not clear. And as a nurse, how likely is this administrator to question the medical judgments of physicians?)

That question is important because of the way the new appointee, James Welch, responded when he denied a claim that he had previously criticized a doctor. He said, "I am not a physician. I can't give a professional opinion of his level of care."

Isn't that what the prison system needs? If judgments about the care given to prisoners are the center of the scandal, doesn't it make sense to have someone who can professionally confront doctors who make diagnoses and order treatments?

What the system needs is another physician — someone on the same professional level, an outsider imbued with a sense of mission and the power to act independently.

By all accounts Mr. Welch is a skilled professional. He can be counted on to be an advocate for humane health care in the prisons. But if this is all the Minner administration is willing to offer, the public has to wonder whether the appointment is real progress or mere window dressing.

GLOB

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ADAM HACKETT,
        PLAINTIFF,

        V.

CORRECTIONAL MEDICAL SERVICE,
WARDEN, THOMAS CARROLL AND
COMMISSIONER, STANLEY TAYLOR,
        DEFENDANTS,

C.A. NO. 06-426 KAJ

AFFIDAVIT IN SUPPORT OF PLAINTIFF'S
REPLY TO CORRECTIONAL MEDICAL SERVICE'S
RESPONSE TO PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL.

I, Adam HACKETT, Plaintiff/Affiant in, the Above
Aption Case do hereby Swear that the statements, made
herein Are true And CORRECT to the best Of My
Nowledge AND belief AND ARE SWORN to
UNDER Penalty of Perjury Pursuant to 28 U.S.C.A.
746 AND 10 DELAWARE CodE 5323.

        THE FOLLOWING:

        (1)  (FIVE)

1. Plaintiff's Motion to the Court And Plaintiffs Reply to the Defendant CMS CORRECTIONAL MEDKAI SERVICES Response is in good faith And Not to burden or delay the Court involving this Case in Controversy.

2. Plaintiff, has in good fAith Made A fair, And diligent Effort to Contact the LAW office's of:

  1. Liguori, Morris & Yi ENgst
  2. Albert M. Greto, Esquire And
  3. BiffERAto, BiffERAto, & GENtilotti

  See Replies from those Whom Sent A Reply, Attached to this Affidavit

3. Plaintiff, Asserts that in the EVENT that the, Court has made A Ruling in the Interest of Justice, the Court May Consider Permitting Relief from Such Judgement or Order Porsuant to FRCP 60(b)(1) or 60(b)(6). Plaintiff, has however, Under the ExtraOrdinary Circumstances of this CASE the Court Must ReconSider Entertaining the Appointment of counsel.

4. Plaintiff, states that Ray V. RobinSon, 640 F. 2d 474, 477-79 3d Cir 1981) 18 U.S.C. 3006 A Provides No funds for Attorneys fees in civil Ictions by Prisoners but District Court has discretion Under 28 U.S.C 1915 to Appoint Counsel in AN in ForMA PAuperis Zivil ProcEEding).

(2)

5: Plaintiff, States that HE is Offering THE NEWS JOURNAL, ARticle dated Friday November 18, 2005, to help DemonstRate Why the Need foR COUNSEL is So "imPERAtive". The COURt MAY take "Judicial" Notice of this Exhibit Pursuant to fed. Evid. RULE 201 see Exhibit (C)

6. Plaintiff, states that it is belief that he CAN with the Aide of Counsel Sufficiently Establish A Constitutional Claim of INAdequate Medical CARE by Convincing Proof of deliberate indifference to his Serious Medical Needs. That the Standards of deliberate indifference which include both the objective And Subjective Components Exist in this CASE in Controversy. That, the deprivation of care is objectively Serious And the facts gives Rise to A ReasonAble inference that the individuals Responsible CoRRectional Medical SErvices, Inc. Whom WAS Providing Medical CARE Know of those Serious Medical Needs And intentionally disRegarded them. Counsel May Also be of AssistAnce to me with Medical PARolE.

7. Plaintiff, States, that through COUNSEl, CORRECtional MEDICAl SERIVCES, INC has Not only Caused deliberate Indifference to My MEDICAl Needs, But, Also Attempts to further handicap My Efforts to obtAin legAl RepresentAtion An Act that it SEEMS the DefendAnts Would Welcome under the circumstances of this CASE, However, CMS's Actions ARE functionally equivalent to deniAl of ACCESS to the COURt to PRevent full And fAiR disclosure to My inJURY iN FACt.

(3)

SWORN to on this 21 day of January 2008, Pursuant to 28 U.S.C. A. 1746 And 10 Delaware Code 5323. I, Adam Hackett declare the AforeMENt StateMENt to be true And Correct to the best of My knowledge And belief

_Adam Hackett_
Affiant

Mr. Adam Hackett # 329697
Delaware Correctional Center
1181 Paddock Road
Building 22 Blower 1
Smyrna, DE 19977

(4)

## **Certificate of Service**

I, _AdAM HACKett_, hereby certify that I have served a true
and correct cop(ies) of the attached: _COPY OF INTERROGATORIES_
_AFFIDAVit IN Support of INtERRogatories_ upon the following
parties/person (s):

ATTN: Judge MARY Thygne

two copies TO: _MORRIS JAMES LLP_
ATTN _AMY. A. QUINLAN_
_500 Delaware Avenue_
_Suite 1500   P.O. Box 2306_
_Wilmington, DE   19899_

two copies TO: _Clerk of Court_
_U.S. District Court_
_LockBox 18_
_844 N. King Street_
_Wilmington, DE 19801_

TO: _____
_____
_____
_____
_____

One copy TO: _AdAm Hackett_
_D.C.C._
_1181 Paddock Road_
_Smyrna, DE 19977_

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road,  Smyrna, DE
19977.

On this _28_ day of _January_, 2008

LEGAL MAIL

I/M ADAM Hackett

SBI# 329677 UNIT MHU-2B-1

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977



02 1A
0004608975    $ 01.65⁰
    JAN 29 2008
MAILED FROM ZIP CODE 19977

Clerk of Court Attn: Judge MARY Thynge

U.S. District Court

Lockbox 18 844 King St.

Wilmington, DE

19801