UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ADAM HACKETT,
    PLAINTIFF,

    V.

CORRECTIONAL MEDICAL SERVICES, INC.
    DEFENDANT,

C.A. NO. 06-426 JJF


FILED
APR 2 2 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S CORRECTIONAL MEDICAL SERVICES INC'S MOTION FOR SUMMARY JUDGEMENT PURSUANT TO FEDERAL RULE'S OF CIVIL PROCEDURE 12(F) FOR INSUFFICIENT DEFENSE, IMMATERIAL IMPERTINENT OR SCANDALOUS MATTER

The Honorable Joseph J. Farnan Jr.
  J. Caleb Boggs Federal Building
C/O Office of the Clerk
  844 N. King Street
  Room 4124, Lockbox 27
  Wilmington, DE 19801

Mr. Adam Hackett #0329697
Delaware Correctional Cen
1181 Paddock Road
Building 22 B Lower One
Smyrna, DE 19977

April 17, 2008

1.

NOW COMES, Plaintiff Adam HACKETT, PRO SE, AND RESPECTFULLY MOVES this HONORABLE COURT to "STRIKE", DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC'S, "MOTION FOR SUMMARY JUDGEMENT". Pursuant to Federal Rules of Civil Procedure 12(f).

FOR GOOD CAUSE REASONS to STRIKE ARE the following:

1. To the best of my knowledge and belief, Defendant CMS was being represented by "AMY A. QUINLAN ESQ". OF MORRIS JAMES, LLP. Counselor Quinlan's, last letter to me was, dated February 18, 2008. In relevant part she sent me a copy of my medical records. And she informed me that she reviewed the materials and do not believe that they are subject to the confidentiality agreement. Which she forwarded. She further advised that, if I sought additional discovery, at that time she may request me to sign a confidentiality agreement, to the extent it is applicable. Concluding, she expressed that she looked forward to receiving my answer's to interrogatories by the MARCH 21, deadline.

2. In reply to Counselor Quinlan's letter of, 2/18/08. Plaintiff, sent interrogatories, and a cover letter requesting a copy on Dr. Barnett's deposition. These documents were sent on MARCH 3, 2008. There has been no reply from Counselor Quinlan since her letter of 2/18/08.

2.

3. However, Plaintiff, was taken by surprise when a motion for Summary Judgement was filed on behalf of CMS by an Attorney, James E. Drnec, of Balick & Balick, LLC. I had a reasonable expectation that Counselor Quinlan, would send me the requested copy of Dr. Burnett's deposition. She did not.

4. The Defendants Motion for Summary Judgement, should be Striken for several reasons. Starting with Amy. A. Quinlan's legal negligence for her failure to exercise a responsible level of performance which was expected of her per her letter to me of 2/18/08, She provided "No Fair Warning or Notice of any intent to withdraw" from the case. As a result, of her departure, I, have been ambushed by the appearance of a new legal counselor and a different law firm. Although, Counselor Quinlan's and Drnec could care less. Plaintiff, is the victim in this case and their actions and inactions may be in violation of Federal Rules of Civil Procedure 5(e), 9(b), 10(b), & 11(c) as well as possible violations of the Delaware Lawyer's Rules of Professional conduct.

5. THE MOTION FOR SUMMARY Judgement filed on April 1st, 2008. by Counselor Drnec. Does, indeed manipulates and misstates, Plaintiff's burden of going forward:

3

1. To gain an unfair advantage, Counselor Drnec, attaches to it's Motion for Summary Judgement a so called "Sealed Exhibit (B). Exhibit (B) is a Memorandum Opinion. "Generally, when a case is decided by Memorandum Opinion it shall be designated 'Memorandum Opinion'. Shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

2. Furthermore, Counselor Drnec, misstates, Plaintiff's burden of going forward and has manipulated and misrepresented the facts presented to the court to claim entitlement to a judgement in it's favor as a matter of law.

   (A) Strangely, Counselor Drnec, indicates that, Plaintiff has offered no expert medical testimony as to the applicable standard of care, any breach there of, or causation of injury arising there from. that without such testimony, Plaintiff cannot submit his case to the jury. In addition Defense Counselor Drnec, on behalf of CMS states that: In order to show 'deliberate indifference' Plaintiff must demonstrate an act or omission and a sufficient culpable state of mind on the part of the defendant

6. Plaintiff, asserts that Justifiable Cause Exist to, have Defendant CMS motion for Summary Judgement Striken for insufficient defense, immaterial, impertinent or Scandalous Matter Pursuant to FRCP 12(f) because:

(4)

(A) Plaintiff, A Prison inmate And held in A Maximum Security housing unit. Did in good faith try to Elicit help from An "Expert" to Aide in the Substantiation of my claims. In Relevent Part Legal correspondance sent to Tobi Longwitz, Staff Attorney At the U.S. Department of Justice Civil Rights Division was either impermissibly confiscated, stolen or obtained in collusion to deny me Adequate Access to this Court. These documents were sent for photo copying on January 30, 2008.

(B) Due to the fact that the U.S. Department of Justice, had announced on Friday December 29th, 2006. That federal investigators found "Substantial Civil Rights Violations" inside four Delaware Prison's And Delaware Correctional Center being one of the four.

(C) In Relevent Part, contrary to CMS's Exhibit's in support of their Summary Judgement motion. The Department of Justice, investigation found inadequate Sick call systems in Place, which directly interferes with inmates Access to Care for their Serious Medical Needs.

T. While generally it appears virtually impossible to win A Medical case in Court without Expert testimony Plaintiff Asserts that: "The nine-month investigation, the U.S Department of Justice underwent involving Delaware Prisons. In which it issued A report finding Prisoners, in four Delaware Prisons "Suffers harm or Are placed At Risk of harm from Constitutional deficiencies. Such Report's is "Presumptively and functionally Equivelent, to expert testimo which would be in favor of this Plaintiff's claims as a matter of Law

(5)

particularly, in light of the fact that it is evidence that Department of Justice And the State of Delaware has entered into an 87 point Agreement to cure those expert opinionated deficiencies".

8. Plaintiff, asserts that the State And Department Of Justice, has waived any right it may have had to oppose Plaintiff's use of the Reports findings And the 87 point Agreement. Because, the "State AND Department Of Justice" may not, arbitrarily And capriciously interfere with this plaintiff or other prisoner's Rights by Neglecting to serve sufficient due process Notice And an opportunity to be heard The State in an attempt to gain advantage. Neglected, to permit prisoner opportunities to consent to the decisions being made About them or being able to opt-out. Declaratory Judgement, Pursuant to FRCP 57, may protect Plaintiff's Rights from unreasonable Arbitrary interference?

## Conclusion

Wherefore, for the forgoing reasons the Report, And findings And 87 point Agreement by the Department of Justice And the State of Delaware; Necessarily, should qualify on behalf of this; Plaintiff as expert testimony Capable of being an expert witness sufficient to show (i) that Plaintiff qualified to be a victim of a Serious medical need during the relevant time of the expert findings And (ii) the Report And findings are comparable to an undeniable, conceding that there was a Policy or custom by CMS that indicated deliberate indifference to those needs including the needs of this Plaintiff. For these Reason the Motion to have Defendant Correctional Medical Service, Inc; Stricken pursuant to FRCP 12(f) And the Plaintiff's Affidavit in Support of of Striking it should be granted.

Please Consider

April 17, 2008

ADAM HACKETT #0329697
Delaware Correctional Center
1181 Paddock Road
Building 22 B Lower One
Smyrna, DE 19977

(6)

# Certificate of Service

I, __Adam Hackett__, hereby certify that I have served a true and correct cop(ies) of the attached: __Motion to Strike And Affidavit in Support__ upon the following parties/person (s):

TO: __Hon. Judge Joseph J. Farnan, Jr.__
__Clerk of U.S. District Court__
__J. Caleb Boggs Federal Building__
__844 N. King Street, Room 4124__
__lockbox 27, Wilm, DE 19801__

TO: __Morris James LLP__
__Attn: Amy A. Quinlan Esq__
__500 Delaware Avenue__
__Suite 1500__
__Wilmington, DE 19899__

TO: __Balick & Balick, LLC__
__Attn: James E. Drnec Esq.__
__711 King Street__
__Wilmington, DE 19801__

TO: __Adam Hackett__
__#329697__
__D.C.C.__
__1181 Paddock Road__
__Smyrna, DE 19977__

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __17th__ day of __April__, 2008

__Adam Hackett__

I/M Adam Hackett
SBI# 329661
UNIT MHU-N B-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

LEGAL MAIL

U.S. DISTRICT COURT CLERK
844 N. King Street
Lockbox 18
Wilmington, DE
19801

UNITED STATES POSTAGE
$00.58
APR 21 2008
MAILED FROM ZIP CODE 19977
02 1A
0004608975