UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ADAM HACKETT, : | |
| : | |
| Plaintiff, : | C.A. No. 06-426 JJF |
| : | |
| v. : | |
| : | |
| CORRECTIONAL MEDICAL SERVICES, : | |
| : | |
| Defendant. : | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**MOTION TO STRIKE MOTION FOR SUMMARY JUDGMENT (D.I. 56)**

Defendant Correctional Medical Services, Inc. ("CMS") by and through its undersigned counsel, hereby responds to Plaintiff's Motion to Strike Motion for Summary Judgment (D.I. 56) and, in opposition thereto, states as follows:

1. Plaintiff moves this Court pursuant to Federal Rule of Civil Procedure 12(f) to strike CMS's Motion for Summary Judgment (D.I. 53) for insufficient defense, immaterial, impertinent or scandalous matter. (D.I. 56) Plaintiff also references Fed.R.Civ.P. 5(e) 9(b), 10(b) and 11(c). (*Id.*)

2. On March 5, 2008, the undersigned executed and filed with the Court his Substitution of Counsel for Amy Quinlan, Esquire in the above-captioned matter. (D.I. 52) A Certificate of Service for the Substitution of Counsel was also filed indicating that the Substitution of Counsel was sent to Plaintiff via first class mail. (*Id.*)

3. Although Plaintiff's Motion does not specifically identify the defense he contends is insufficient, or the matter which is immaterial, impertinent, or scandalous, he does state that he sent a letter to CMS's prior counsel, Amy Quinlan, Esquire asking her to send to him "copies of Dr. Barnett's Depositions." Exhibit "A" That letter was received by Ms. Quinlan's office after she had withdrawn from the representation and it was forwarded to the undersigned, who received it on March 10, 2008. In all candor to the Court, the undersigned read that letter and reviewed the file

but could not locate either a transcript for a deposition of Dr. Barnett or a notice of deposition of Dr. Barnett and assumed that none had taken place.

4.	After reviewing Plaintiff's instant Motion, speaking with Ms. Quinlan, and again (more carefully) reviewing the file, the undersigned now believes that the "deposition" that Plaintiff was requesting may have been a "Records Only Deposition" of Dr. Barnett. (D.I. 51)  Accordingly, the undersigned has sent to Plaintiff copies of the records received as a result of the "records only deposition" of Dr. Barnett.  (Exhibit "B").

*Argument*

5.	Fed.R.Civ.P 12(f) provides, in relevant part:

> (f) Motion To Strike.
> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

6.	CMS's Motion for Summary Judgment (D.I. 53) does not contain any insufficient defense, nor does it contain any redundant, immaterial, impertinent, or scandalous matter. None of the matters cited in Plaintiff's Motion constitutes grounds to strike the Motion for Summary Judgment. Accordingly, there is no basis under the Rule for Plaintiff's Motion to Strike and that Motion should be denied.

7.	Plaintiff also argues that the Motion for Summary Judgment should be stricken because he alleges Ms. Quinlan failed to "exercise a responsible level of performance which was expected of her" in that she provided "no fair warning or notice of any intent to withdraw." (D.I.  56 ¶ 4)  That is not a sufficient ground to strike the motion.  Ms. Quinlan owed no duty to Plaintiff in that regard beyond providing the Notice of Substitution of Counsel which was filed and served on March 5, 2008. (D.I. 52)  The Motion for Summary Judgment was not filed until April 1, 2008.  (D.I. 53)

8.      Although Plaintiff argues that the Motion for Summary Judgment "manipulates" and "misstates" Plaintiff's burden for going forward (D.I. 56 ¶ 5), he is unable to provide any specific example and no case law or other authority is provided to support this claim.  No "unfair advantage" was sought in relying on the Court's unpublished opinion in *Clyne v. Correctional Medical Services*, 2004 WL 502215, *2 (D.Del. 2004) (attached to the Motion for Summary Judgment as Exhibit B) (D.I. 56 ¶ 5(1)).  In fact, the opinion was provided as an exhibit for the opposite reason – to provide Plaintiff with the case law cited in the motion so that he would be able to review it and reply.  It was not filed as a sealed exhibit.  (D.I. 53)

9.      Plaintiff also appears to argue that he should be allowed to rely on the Department of Justice's Report as expert medical opinion in support of the Plaintiff's claims sufficient to establish deliberate indifference to serious medical needs.  (D.I. 56 ¶¶6-8)  There is no basis in law or logic for this request, which falls far short of the threshold for expert opinion testimony established by *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 587-89 (1993) and its progeny.  Plaintiff's request should be denied.

WHEREFORE, for the foregoing reasons, defendant Correctional Medical Services, Inc. respectfully requests the Plaintiff's Motion to Strike Motion for Summary Judgment be denied.

                    BALICK & BALICK, LLC


                             /s/ James E. Drnec
                    James E. Drnec, Esquire (#3789)
                    711 King Street
                    Wilmington, Delaware 19801
                    302.658.4265
                    Attorneys for Defendant
                    Correctional Medical Services, Inc.

Date:   May 1, 2008

# Exhibit A

March, 3rd 2008

Mr. Adam Hackett #0329697
Delaware Correctional Center
1181 Paddock Road
Building 22 B Lower ONE
Smyrna, DE. 19977

Morris James, LLP
c/o Amy A. Quinlan, Esq.
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801-1494

Dear Counselor Quinlan:

Your letter and enclosure on 2/8/08 were received. Thank you.

I also appreciate you alleviating my frustration over my ability to obtain my medical records. Please send me a copy of Dr. Thomas Barnett's depositions. I'm enclosing my answers to your interrogatories per your request of 2/18/08. You indicated you needed them by 3/21/08.

Again, Thank you

Very Truly
Adam Hackett

# Exhibit B

# BALICK & BALICK LLC
### ATTORNEYS

Sidney Balick
Adam Balick
James Drnec
Joseph Naylor

April 25, 2008

Mr. Adam Hackett
SBI# 329697
D.C.C.
Building 22 B Lower 1
1181 Paddock Rd.
Smyrna, DE 19977

    Re:    *Hackett v. CMS*

Dear Mr. Hackett:

    I represent the defendant in the above-referenced matter. In March, when I took over handling of this case from Amy Quinlan, I also received your letter to her dated March 3 requesting copies of Dr. Barnett's depositions. I reviewed the file and did not locate any transcript of any such deposition, nor did I find any evidence to suggest that Dr. Barnett had ever been deposed. I apologize for not getting back to you on that request; I thought you were asking for something that did not exist, nonetheless I should have responded to your letter.

    This week I received your Motion to Strike, which alleges that no-one ever sent you a copy of Dr. Barnett's deposition despite your request. After review, I think that I have figured out the problem. On February 18, 2008, Ms. Quinlan filed a Notice of Records Deposition seeking medical records from Dr. Barnett. With apologies again, I did not equate this with your request for a deposition, which is the process that you underwent when Ms. Quinlan came to the prison.

    In my response to your Motion to Strike, I intend to suggest to the Court that it hold my Motion for Summary Judgment until you have had a chance to review these records and file an appropriate response. I have included with this letter copies of the records provided by Dr. Barnett. I hope that this resolves the issue.

Sincerely,

James E. Drnec

JD/jz

711 King Street • Wilmington, Delaware 19801 • 302.658.4265 • Fax 302.658.1682 • www.balick.com

**CERTIFICATE OF SERVICE**

I, James Drnec, hereby certify that on the 1st day of May 2008, the foregoing Defendant's Response tin Opposition to Motion to Strike Motion for Summary Judgment was filed via CM/ECF and served upon the following via First Class Mail:

>Adam Hackett
>SBI# 00329697
>Delaware Correctional Center
>1181 Paddock Rd.
>Smyrna, DE 19977

>    /s/ James E. Drnec
>James E. Drnec, Esquire (#3789)