IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADAM HACKETT, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-426 JJF |
| CORRECTIONAL MEDICAL SERVICES, WARDEN THOMAS CARROLL and COMMISSIONER STANLEY TAYLOR, | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's Motion For Appointment Of Counsel (D.I. 40). For the reasons discussed, Plaintiff's Motion will be denied.

**I.   Background**

On July 10, 2006, Plaintiff, Adam Hackett ("Mr. Hackett") filed this civil rights action pursuant to 42 U.S.C. § 1983 for violations of his rights under the Eighth Amendment. Specifically, Mr. Hackett alleges that he was denied adequate medical care.

By his Complaint (D.I. 2), and by his Amendment to his Complaint (D.I. 19), Mr. Hackett, alleges that he denied proper treatment for a subaqueous cyst on his head. Mr. Hackett alleges that, after Correctional Medical Services ("CMS") determined his cyst should be seen by an outside specialist, he was forced to wait nearly two years for this visit to occur. Mr. Hackett's cyst was surgically removed in or around July of 2006.

Following removal of the cyst, Mr. Hackett alleges that he began experiencing severe headaches and occasional blackouts in his prison cell, and that these medical problems are related to his surgery.

By his motion, Mr. Hackett contends that the Court should appoint counsel to represent him in this action because (1) he is unable to afford outside council, and has tried, without success, to seek pro bono legal representation; (2) the issues involved in this case are complex and may require expert testimony; (3) because Mr. Hackett is serving his sentence in the Security Housing Unit of Delaware Correctional Center, he does not have physical access to the law library; and (4) Mr. Hackett has a limited knowledge of the law.

Defendants contend that the Court should deny Mr. Hackett's Motion. (D.I. 41.)  First, Defendants dispute Mr. Hackett's contention regarding the complexity of the issues in this case. Defendants contend that, because the deadline for Plaintiff to identify an expert has expired, Mr. Hackett's Section 1983 claim is the only claim remaining.  Defendants contend that there are no remaining complicated medical issues, and that the remaining legal issues are limited.

In response, Mr. Hackett contends that there are, in fact, complicated medical issues related to the removal of his cyst, and that this action will require the Court's consideration of professional medical opinions regarding potential symptoms

associated with cyst removal, especially in light of the "severe headaches and occasional blackouts" he has been experiencing since his surgery. (D.I. 44 at ¶ 3.)

**II. Legal Standard**

Indigent civil litigants have neither a constitutional nor a statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, district courts have authority to appoint representation for any civil litigant unable to afford counsel, 28 U.S.C. § 1915(e)(1), and are afforded broad discretion in making that determination. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The Court's first consideration is whether the indigent plaintiff's claim appears to have "some merit in fact and law." Id. at 155 (citing Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)(per curiam)). If so, the Court may consider the following non-exhaustive factors in deciding whether to appoint counsel:

1. the Mr. Hackett's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the Mr. Hackett to pursue investigation;
4. Mr. Hackett's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations, and;
6. whether the case will require testimony from expert witnesses.

Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) (citing Tabron, 6 F.3d at 155-57). In addition, the Court should consider practical constraints before appointing counsel: "the ever-

growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation." Tabron, 6 F.3d at 157.

### III. Discussion

Keeping in mind the practical considerations cited above and exercising the broad discretion offered the Court, the Court concludes that the appointment of counsel is not warranted at this time. The Court assumes, solely for the purposes of deciding this Motion, that Mr. Hackett's claims have arguable merit, and will therefore consider the Tabron factors. The Court finds that Mr. Hackett has demonstrated the ability to present his own case and participate in factual investigation by making several filings and discovery requests. While Mr. Hackett contends that his knowledge of the law is limited, his filings with the court are comprehensible and demonstrate some knowledge of the legal system.

Discovery in this action has been proceeding for several months, and the Court finds that Mr. Hackett is capable of adequately conducting any necessary investigation without the help of outside counsel. While Mr. Hackett contends that he is denied physical access to the DCC library because of his confinement, he does not contends that he is unable to obtain legal reference material upon request. The Court further finds

that the legal issues in this action are not so complex as to necessitate the appointment of counsel.[1]  Accordingly, the Court will deny Plaintiff's Motion For Appointment Of Counsel.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion For Appointment Of Counsel (D.I. 40) is **DENIED**.

July 29, 2008
DATE

UNITED STATES DISTRICT JUDGE

---

[1] The Court also considers that, under the Scheduling Order governing this action (D.I. 23), Mr. Hackett was obligated to designate any expert witness by November 2, 2007, and failed to do so.